IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CANDIDA PALEGA, on Behalf of Herself
and on Behalf of All Others Similarly Situated,

    Plaintiff,

  v.

THE PROPERTY SCIENCES GROUP,
INCORPORATED,

    Defendant.

No. C 17-00855 WHA

**ORDER GRANTING MOTION FOR LEAVE TO AMEND COMPLAINT AND REQUIRING NOTICE**

## INTRODUCTION

In this putative employment class action, plaintiff moves to amend her complaint to remove the class and collective claims and proceed only on her individual claims. Defendant opposes. For the reasons stated below, the motion is **GRANTED**.

## STATEMENT

The following facts are taken from the complaint. Defendant Property Sciences Group, Inc., is a national residential and commercial real estate valuation and appraisal management company headquartered in Pleasant Hill, California. To complete its appraisals, defendant hired appraisers who worked remotely and were paid on a salary basis with a bonus structure that awarded extra compensation if an appraiser completed a certain number of appraisals per week. Plaintiff Candida Palega worked for defendant as such an appraiser from November 2011 to February 2015.

During her employment, plaintiff frequently worked eleven to twelve hour days, often including weekends. Despite working more than eight hours per day, defendant did not pay plaintiff for any of her overtime.

In February 2017, plaintiff brought the instant action against defendant for violations of the Federal Labor Standards Act, the California Labor Code, and the California Unfair Competition Law. Plaintiff sought to represent a class comprised of all people who were employed by Defendant as appraisers within the class period. In April 2017, defendant answered the complaint.

After the snail-like advance of discovery and one continuance, the undersigned judge set a final deadline of December 28, 2017, for plaintiff to file her motion for class certification. That deadline came and went without any motion. On January 18, 2018, defendant filed a notice of non-receipt and asked that plaintiff's class and collective action allegations and claims be dismissed in light of her failure to file the motion by the deadline. Plaintiff responded that she was "surprised" to receive such a notice, as defendant had been informed in advance of the deadline that plaintiff did not intend to seek class certification and would proceed with her individual claims only.

An order set a deadline of February 16 for plaintiff to file the instant motion seeking leave to amend her complaint to remove the class and collective action allegations and claims. This order follows full briefing and oral argument.

**ANALYSIS**

1. **REMOVAL OF CLASS AND COLLECTIVE CLAIMS.**

Federal Rule of Civil Procedure 15(a)(2) provides that a court should "freely give leave when justice so requires." In the absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice, or futility of the amendment, "the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962). Rule 15(a) does not apply where, as here, a district court has established a deadline for amended pleadings under Rule 16(b). *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992). A party seeking leave to amend after a deadline has been set must show that

"good cause" exists for such an amendment. *Id.* at 608; FRCP 16(b)(4). In the order setting the deadline to seek leave to amend complaint, this Court also stated that the motion should "clearly explain why plaintiff wishes to pursue this case in her individual capacity" (Dkt. No. 52).

Plaintiff contends that the removal of the class and collective action claims will allow her to move forward with her original claims in an individual capacity, which will streamline and simplify the case overall. Plaintiff states that she no longer wants to serve as a class representative for "personal reasons," including the fear of being "shunned by the industry in which she still earns a living due to the public nature of a class action lawsuit" (Dkt. No. 54 at 7). Plaintiff also states that defendant is "unopposed" to the motion and that defendant will not be prejudiced. Although defendant has reservations as to alleged misdeeds and gamesmanship on the part of plaintiff and her counsel — discussed further below — ultimately defendant is not opposed to an amendment removing the class and collective claims.

This order finds that enough cause has been shown for plaintiff to amend for this purpose, as removing the class and collective claims will simplify the present litigation and will not prejudice defendant. Leave to amend is therefore **GRANTED**, subject to the conditions stated herein.

## 2. NOTICE TO PUTATIVE CLASS.

Notice of pre-certification dismissal serves to protect the interests of both the defendant and the putative class. *Diaz v. Tr. Territory of the Pac. Islands*, 876 F.2d 1401, 1409 (9th Cir. 1989). Relevant here is that "notice of dismissal protects the class from prejudice it would otherwise suffer if class members have refrained from filing suit because of knowledge of the pending class action." *Ibid.*

Plaintiff argues that notice is not warranted because no notice has been sent alerting putative class members of the action, nor has the action garnered any media attention. This order disagrees. Given that this case involves a class of colleagues who all work for the same employer, and the fact that this action has been litigated for over a year allegedly on their behalf, a distinct possibility exists that potential class members have learned of the lawsuit and have not brought their own individual claims in reliance on this action. Once the class and

3

collective claims are dismissed, absent class members can no longer rely on this action and the usual tolling of the limitations period. If they want their claims addressed, they now must bring their own actions, else the statute of limitations will run.

Plaintiff argues that there is no prejudice to the absent class because their claims were tolled up to the point of dismissal. This is true, but the prejudice facing potential class members is that now they must bring their own claims before the expiration of the statute of limitations which, because of the instant dismissal, will no longer be tolled. Without notice, absent class members may discover this fact too late and find their claims time-barred.

This order therefore requires that **NOTICE** shall be sent as follows. Electronic notice shall be given by defendant to all potential class members for whom it has an email address. First-class mail notice shall be given at plaintiff's counsel expense to all former employees who are members of the potential class. The notice shall inform the putative class that this action had been pending as a potential class and collective action and describe the nature of the claims asserted on their behalf, but that plaintiff elected not to seek class certification. The notice shall further inform the potential class that their claims, to the extent asserted in the complaint, have been tolled up to the date of the dismissal, but that the statute of limitations has now resumed running and that they should act promptly should they wish to bring a claim. Parties shall agree and file a proposed draft of the notice by **MARCH 30 AT NOON**, and shall provide notice by **APRIL 13**.

3. **OPPOSITION TO LEAVE TO AMEND.**

Though made out to be an "unopposed" motion, plaintiff's representation proved to be mistaken. Defendant *is* opposed to the motion to any extent beyond the removal of the class and collective action claims. Additionally, defendant complains that plaintiff includes amendments not addressed in her motion, plans to file a second action in an attempt to forum and judge shop, and refuses to return or destroy documents produced related to the class and collective action claims. Defendant's concerns — and the relief warranted — are now addressed.

4

**A. Addition of Language Not Pertaining to Class or Collective Claims**.

Defendant opposes the addition of language in the proposed first amended complaint not addressed by plaintiff in her motion seeking leave. Defendant argues that plaintiff's motion was written as if it only removed the class and collective claims, and that the surreptitious augmentation of paragraphs 6 and 75 will cause it prejudice. It requests that these additions be struck from the proposed amended complaint, or that it be granted the opportunity to further depose plaintiff on the additional matters.

The additions to paragraphs 6 and 75 are underlined below:[1]

> 6. Plaintiff seeks unpaid wages and restitution for her work beyond 8 hours in a day or 40 in a week pursuant to California law, and for unpaid meal periods and rest breaks, <u>reimbursement of business expenses and mileage,</u> as well as additional liquidated damages, statutory damages, and penalties.

> 75. At all times material to this Complaint, Plaintiff was required to drive her personal vehicles on behalf of Defendant in the course and scope of her employment with the Defendant, to visit assigned properties and conduct inspections. Plaintiff was not reimbursed for <u>mileage and other expenses related to</u> the use of her personal vehicles. Likewise, Defendant failed to reimburse Plaintiff for use of her cell phone<u>, software, license</u>, computer, high speed internet connection<u>, and other expenses that benefited Defendant</u>, all of which were required to perform her jobs.

These changes were not addressed in the motion for leave to amend, but in reply plaintiff argues that such claims were already included in the original complaint. Plaintiff's attempt to bolster her remaining claims with more specific examples of expenses not reimbursed should have been addressed in her opening brief. Nonetheless, this order determines that the changes will not prejudice defendant. The additions made are not new legal arguments, but rather obvious subsets of the expenses originally alleged.

Because these changes are immaterial and will not prejudice defendant, its request to strike the additional language is **DENIED**. Defendant may take one additional 2-hour deposition of plaintiff on these topics (and anything directly related to them) if it so wishes.

---

[1] Paragraphs 6 and 75 of the proposed amended complaint correspond with paragraphs 8 and 107 of the original complaint.

5

### B. Possible Future Class Action.

After more than a year of litigation, plaintiff has concluded that she no longer wishes to serve as a class representative. Plaintiff's counsel, however, has been retained by another former employee of defendant and plans to pursue a similar action with a new class representative, this time in California state court.[2]

Defendant argues that it will suffer undue prejudice should plaintiff's counsel dismiss and then re-file similar claims in another court, as it would be subject to duplicative litigation in two fora and the expense of new discovery. This order recognizes the potential prejudice, but will not require that a future plaintiff — who is not a party here — bring a lawsuit in a particular forum. This is especially true should a future plaintiff bring an action over which this Court has no subject matter jurisdiction.

Defendant's request for an order to show cause is **DENIED**. Plaintiff's counsel is free to bring any subsequent action in any Superior Court of California or in any federal court in California (but nowhere else). To the extent there is subject-matter jurisdiction, defendant may of course seek removal and transfer to this district.

### C. Materials Produced in Discovery.

Defendant requests that all class-related material be immediately destroyed or returned should this order dismiss plaintiff's class and collective action claims. Plaintiff responds that she will gladly do so in accordance with the protective order on file, which directs parties to destroy or return all protected material within 60 days after the final disposition of this action (Dkt. No. 43).

This order need not deviate from the stipulated protective order, thus the materials produced by defendant during discovery shall be returned at the conclusion of this action. Any documents or information derived therefrom may be used by plaintiff for her individual claims only, and may not be used in any future action.

---

[2] Plaintiff's administrative motion to substitute an attached exhibit (Dkt. No. 59) is **GRANTED**.

**CONCLUSION**

To the extent stated above, plaintiff's motion for leave to amend is **GRANTED**. Plaintiff's proposed first amended complaint is **ADOPTED** as the operative complaint. Plaintiff must provide **NOTICE** to the putative class as stated above.

**IT IS SO ORDERED.**

Dated: March 23, 2018

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE