John M. Cowden (State Bar No. 224963)
  *jmc@manningllp.com*
Jordon Ferguson (State Bar No. 276578)
  *jrf@manningllp.com*
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
19800 MacArthur Blvd, Suite 900
Irvine, California 92612
Telephone: (949) 440-6690
Facsimile: (949) 474-6991

Attorneys for Defendant,
THE PROPERTY SCIENCES GROUP, INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| CANDIDA PALEGA,<br><br>      Plaintiff,<br><br>    v.<br><br>THE PROPERTY SCIENCES GROUP, INCORPORATED,<br><br>      Defendant. | Case No. 3:17-cv-00855-WHA (JSC)<br><br>**JOINT ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL IN SUPPORT OF JOINT MOTION FOR PRELIMINARY APPROVAL OF INDIVIDUAL SETTLEMENT OR, ALTERNATIVELY, TO FILE WITH REDACTIONS**<br><br>[*Filed and served concurrently with Joint Motion for Preliminary Approval of Individual Settlement; Declaration of Jordon Ferguson; and (Proposed) Order*]<br><br>Administrative Motion: No Hearing Unless Requested<br><br>Approval Motion:    August 2, 2018<br>Time:    8:00 a.m.<br>Courtroom:    12<br><br>The Hon. William H. Alsup<br><br>Trial Date:    October 15, 2018 |

      Defendant The Property Sciences Group, Inc. ("Defendant") and plaintiff Candida Palega ("Plaintiff") jointly submit the following administrative motion in support of their Motion for Preliminary Approval of Settlement:

## I. INTRODUCTION

Pursuant to Civil Local Rules 79-5 and 7-11 and the Stipulated Protective Order entered by the Court on August 29, 2017, the parties jointly submit this Administrative Motion to File Under Seal in support of their Motion for Preliminary Approval of Settlement. Pursuant to the Stipulated Protective Order, a "Party that seeks to file under seal any Protected Material must comply with civil Local Rule 79-5." (Doc. No. 43, ¶ 12.3.)

Pursuant to Civil Local Rule 79-5(e), Defendant has conditionally filed under seal a document which has been designated Confidential by the parties, or which contains or references information so designated. Specifically, Defendant has conditionally filed under seal the Confidential Settlement Agreement and Full Release of All Claims between the parties. A material term to the parties reaching a settlement was the inclusion of a confidentiality provision that prohibits the disclosure, dissemination, and/or publicizing or causing or permitting such action regarding any of the terms of the Agreement.

This request is made on the grounds that the Settlement Agreement is a confidential document. Such an order would enable the parties to enforce the terms of the settlement without violating the express confidentiality provision agreed to therein. Moreover, this confidentiality provision is essential given the existence of a currently-pending class action against Defendant alleging a nearly identical putative class and claims to those asserted by Plaintiff in this action. *See Donald Mass, et al. v. The Property Sciences Group, Inc.*, Los Angeles Superior Court Case No. BC699728.

## II. ARGUMENT

Civil Local Rule 7-11 expressly permits motions for administrative relief to file confidential documents under seal. A district court has broad discretion to maintain documents under seal for good cause. *Nixon v. Warner Comm., Inc.,* 435 U.S. 589, 598 (1978) ("[e]very court has supervisory power over its own records and files"); *Hagestad v. Tragesser,* 49 F.3d 1430, 1433-34 (9th Cir. 1995) (court-filed documents may be sealed if there is a risk they may be used for improper purposes).

The foregoing request for an Order allowing the parties' Confidential Settlement Agreement and Full Release of All Claims to be filed under seal is based on good cause. It is undisputed that the parties expressly agreed to keep the terms of this settlement confidential with an accompanying

4829-7313-4187.1

2

Case No. 3:17-cv-00855-WHA (JSC)

**JOINT ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL IN SUPPORT OF JOINT MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT**

1 liquidated damages provision for any violation. (Declaration of Jordon R. Ferguson, ¶ 2-5.) As such,
2 the parties specifically bargained for this confidentiality provision and consider it material to their
3 agreement. Moreover, the terms of the settlement agreement do not concern matters of legitimate
4 public interest. Therefore, if filed with the Court, the documents should be filed under seal. *Pansy v.*
5 *Borough of Stroudsburg*, 23 F.3d 772, 788 (3rd Cir. 1994) ("if a case involves private litigants, and
6 concerns matters of little legitimate public interest, that should be a factor weighing in favor of
7 granting or maintaining an order of confidentiality").

8       The parties are separately filing a Joint Motion for Preliminary Approval of Individual
9 Settlement, pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir.
10 1982) and its progeny. *Lynn's Foods* requires that claims for back wages arising under the Fair Labor
11 Standards Act may be settled or compromised only with the approval of a court or the Department of
12 Labor. Accordingly, the Court must review the Settlement Agreement. However, the confidentiality of
13 parties' settlement agreement will inevitably be compromised if regularly filed. The parties' interest in
14 maintaining the confidentiality of the settlement amount here outweighs any interest in public
15 disclosure. The Motion is narrowly tailored to promote the parties' interests. (Ferguson Decl., ¶ 4.)
16 Therefore, the parties request that the Court grant this request to file the Confidential Settlement
17 Agreement and Full Release of All Claims under seal.

18       Alternatively, if the Court is not inclined to grant the parties' request, the parties respectfully
19 request that the Court allow the parties to file the Confidential Settlement Agreement and Full Release
20 of All Claims with the monetary sections redacted and to file under seal the monetary amounts stated
21 in the Confidential Settlement Agreement and Full Release of All Claims. (Ferguson Decl., ¶ 5.)

22 **III.     CONCLUSION**

23       For the foregoing reasons, the parties respectfully request that the Court grant their joint
24 administrative motion and seal the Confidential Settlement Agreement and Full Release of All Claims
25 between the parties.

26       Alternatively, if the Court is not inclined to grant the parties' request, the parties respectfully
27 request that the Court allow the parties to file the Confidential Settlement Agreement and Full Release
28 of All Claims with the monetary sections in the Second Paragraph and the Eighth Paragraph redacted.

DATED:  June 20, 2018               **MANNING & KASS**
                                    **ELLROD, RAMIREZ, TRESTER LLP**


                                    By:   */s/ Jordon R. Ferguson*
                                         John M. Cowden
                                          Jordon R. Ferguson
                                          Attorneys for Defendant,
                                          THE PROPERTY SCIENCES GROUP, INC.

DATED:  June 20, 2018               **KENNEDY HODGES, LLP**


                                    By:   */s/ William Hogg*
                                          Galvin Kennedy
                                          William Hogg
                                          Attorneys for Plaintiff,
                                          CANDIDA PALEGA

# DECLARATION OF JORDON FERGUSON

I, Jordon R. Ferguson, declare and state as follows:

1. I am adult over 18 years of age. I am an attorney duly licensed to practice before the State of California (Bar No. 276578) and this Court and am an Associate Attorney with the law firm of Manning & Kass, Ellrod, Ramirez, Trester LLP, attorneys of record for defendant The Property Sciences Group, Inc. ("PSG") in the lawsuit of *Palega, et al. v. The Property Sciences Group, Inc.*, United States District Court Case No. 3:17-cv-00855-WHA (JSC) (the "Action"). I have knowledge of how the documents and case files are maintained and kept in the ordinary course of business in the Irvine, CA office of Manning & Kass. The exhibits attached hereto and incorporated herein by reference are true and correct copies of the documents located in my office case files for this action and are maintained and kept in the ordinary course of business. The following is based upon either my personal experience or upon the records maintained by my office and, if called as a witness, I could and would testify competently thereto. I make this declaration regarding the parties' Joint Administrative Motion To File Documents Under Seal In Support Of Motion For Preliminary Approval Of Settlement Or, Alternatively, To File With Redactions.

2. On May 16, 2018, PSG and plaintiff Candida Palega ("Plaintiff") (collectively, the "Parties") attended a full day mediation with Louis Marlin, Esq. at JAMS. This mediation followed extensive investigation and discovery. Ultimately, the parties reached a settlement in this matter and entered into a Confidential Settlement Agreement and Full Release of All Claims. This Agreement is subject to the Parties' Stipulated Protective Order.

3. The Parties expressly agreed that the settlement between them would be subject to a confidentiality provision that prohibits the disclosure, dissemination, and/or publicizing or causing or permitting such action regarding any of the terms of the Agreement. That confidentiality clause expressly included a liquidated damages provision per violation. This Agreement is thus sealable.

4. The Parties' interest in maintaining the confidentiality of the settlement agreement's provisions outweighs any interest in public disclosure. Moreover, the administrative motion is narrowly tailored to promote the Parties' interests. Indeed, the Parties are separately filing a Joint Motion for Preliminary Approval of Individual Settlement.

5. To the extent that the Court is not inclined to grant the Parties' request to seal the Confidential Settlement Agreement and Full Release of All Claims, the monetary provisions included in the Second Paragraph and the Eighth Paragraph should be redacted.

6. Counsel for Plaintiff and I met and conferred on the issue of an administrative motion to file under seal starting on June 18, 2018. The Parties jointly file this motion.

7. A true and correct copy of the Confidential Settlement Agreement and Full Release of All Claims between the Parties is attached hereto as Exhibit A and has been filed under seal with the Court pursuant to Civil Local Rules 7-11 and 79-5, pending the resolution of the Parties' sealing motion.

I declare under penalty of perjury under the laws of the United States of America and the state of California that the foregoing is true and correct.

Executed on this 20th day of June, 2018, in Irvine, California.

                      **MANNING & KASS**
                      **ELLROD, RAMIREZ, TRESTER LLP**


By:    */s/ Jordon R. Ferguson*
        Jordon R. Ferguson
        Attorneys for Defendant,
        THE PROPERTY SCIENCES GROUP, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| CANDIDA PALEGA,<br><br>      Plaintiff,<br><br>      v.<br><br>THE PROPERTY SCIENCES GROUP, INCORPORATED,<br><br>      Defendant. | Case No. 3:17-cv-00855-WHA (JSC)<br><br>**(PROPOSED) ORDER GRANTING JOINT ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL IN SUPPORT OF JOINT MOTION FOR PRELIMINARY APPROVAL OF INDIVIDUAL SETTLEMENT OR, ALTERNATIVELY, TO FILE WITH REDACTIONS**<br><br>The Hon. William H. Alsup<br><br>Trial Date:      October 15, 2018 |

The Joint Administrative Motion to File Documents Under Seal In Support of Joint Motion For Preliminary Approval of Individual Settlement filed by Candida Palega and The Property Sciences Group, Inc., and its supporting documents have been considered by this Court and, for good cause appearing, the Court orders as follows:

(1)    The motion is granted in its entirety; and

(2)    The Confidential Settlement Agreement and Full Release of All Claims between Candida Palega and The Property Sciences Group, Inc. shall be sealed.

**IT IS SO ORDERED**.

Date: _____

                                      Hon. William H. Alsup
                                      U.S. District Court Judge