CAFFARELLI & ASSOCIATES LTD.
Lorrie T. Peeters (CA Bar No. 276367)
10265 Beardon Dr.
Cupertino, CA 95014
Phone: (408) 216-0599; Fax:  (312) 577-0720
Email: lpeeters@caffarelli.com

*Local Counsel for Plaintiff*

KENNEDY HODGES, LLP
Galvin Kennedy (TX Bar No. 00796870) (Admitted *pro hac vice*)
Don Foty (TX Bar No. 24050022) (Admitted *pro hac vice*)
4409 Montrose Blvd, Suite 200
Houston, Texas 77006
Phone: (713) 523-0001; Fax: (713) 523-1116
Email: gkennedy@kennedyhodges.com
          dfoty@kennedyhodges.com

*Counsel for Plaintiff*

MANNING & KASS, ELLROD, RAMIREZ, TRESTER, LLP
John M. Cowden (State Bar No. 224963) (jmc@manningllp.com)
Jordon R. Ferguson (State Bar No. 276578) (jrf@manningllp.com)
19800 MacArthur Blvd., Ste. 900
Irvine, California 92612
Phone: (949) 440-6690; Fax: (949) 440-6691

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CANDIDA PALEGA,** )<br><br>**Plaintiff,** )<br><br>**vs.** )<br><br>**THE PROPERTY SCIENCES GROUP, INCORPORATED** )<br><br>**Defendant.** ) | **Case Number: 3:17-cv-00855-WHA**<br><br>**JOINT MOTION FOR PRELIMINARY APPROVAL OF INDIVIDUAL SETTLEMENT**<br><br>[*Filed and served concurrently with Administration Motion to File Under Seal; and (Proposed) Order*]<br><br>Date:    August 2, 2018<br>Time:    8:00 a.m.<br>Place:   Courtroom 12<br>Judge:   Hon. William Alsup |

4820-5176-8426.3
**1**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on Thursday, August 2, 2018, at 8:00 a.m. in Courtroom 12 in the United States Courthouse located at 450 Golden Gate Avenue, San Francisco, California 94102, the Honorable William H. Alsup presiding, Plaintiff Candida Palega and Defendant The Property Sciences Group, Inc. will, and hereby do, move the Court for an Order preliminarily approving a proposed settlement of this action (the "Settlement") and staying all other activity in this action. The proposed settlement is an individualized settlement, as opposed to a settlement of any class or collective claims.

The grounds for this Motion are that the proposed Settlement is fair, reasonable, and adequate in that the parties are resolving a bona fide dispute over both liability and the amount of alleged damages.

This motion is based on the Memorandum of Points and Authorities submitted below, the concurrently filed and served Administrative Motion to File Under Seal and its supporting materials, and all other pleadings and matters of record. A true and correct copy of the Confidential Settlement Agreement and Full Release of All Claims has been filed with the Court conditionally under seal.

A Proposed Order is submitted herewith.


DATED:  June 20, 2018

Respectfully submitted,

KENNEDY HODGES, L.L.P.


By: _/s/ Galvin B. Kennedy_
Galvin B. Kennedy (admitted *pro hac vice*)
gkennedy@kennedyhodges.com
Texas State Bar No. 00796870
4409 Montrose Blvd., Suite 200
Houston, TX 77006
Telephone: (713) 523-0001
Facsimile: (713) 523-1116

LEAD ATTORNEY FOR PLAINTIFF

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

OF COUNSEL:

Don Foty (admitted *pro hac vice*)
dfoty@kennedyhodges.com
Texas State Bar No. 24050022
William M. Hogg (admitted *pro hac vice*)
whogg@kennedyhodges.com
Texas State Bar No. 24087733
KENNEDY HODGES, LLP
4409 Montrose Blvd. Ste. 200
Houston, Texas 77054
Telephone: (713) 523-0001
Facsimile: (713) 523-1116

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

The parties jointly submit this motion for preliminary approval of the proposed individual settlement between Plaintiff Candida Palega and Defendant The Property Sciences Group, Inc. A copy of the Settlement Agreement is filed conditionally under seal pursuant to the concurrently filed and served Administrative Motion to File Under Seal. The parties seek: preliminary approval of the terms of the Settlement and a stay of all non-settlement related activity in the Action and entry of a Preliminary Approval Order setting a Final Approval Hearing.

On March 23, 2018, the Court granted Plaintiff's request to amend her Complaint in order to voluntarily remove her class and collective claims and proceed in her individual capacity. *See* Doc. 63. After granting Plaintiff's request, the parties mediated with an experienced mediator, Mr. Louis Marlin with JAMS, on May 16, 2018, and reached an agreeable settlement the same day.

The Parties believe this is a fair and reasonable settlement because both Plaintiff and Defendant are receiving the substantial benefit of a mutual releases of claims. The Parties have differing views on the strength of Plaintiff's claims and alleged damages she believes she is owed. A material term to the parties reaching a settlement was the inclusion of a confidentiality provision that prohibits the disclosure, dissemination, and/or publicizing or causing or permitting such action regarding any of the terms of the Agreement. Accordingly, an Administrative Motion to File Under Seal has been filed and served concurrently with this motion. The Parties jointly stipulate to that application.

The Settlement is an individualized settlement only, meaning it is not intended to release any class or collective claims that were or could be asserted by individuals other than Plaintiff. The Settlement does not depend on any fees or costs awarded and the parties agree to a mutual waiver of fees and costs as a part of the settlement. Moreover, the parties expressly warrant and agree that this settlement is not intended to impact the valuation, nor the viability, of any claims by any other purported plaintiff against Defendant, whether on a class, collective,

representative, or individual basis.

The Parties reached a settlement following arm's-length negotiations with an experienced mediator, Louis Marlin, who facilitated a mutually agreeable resolution between Plaintiff and Defendant.

Therefore, the Parties believe that the Settlement is fair, reasonable, and adequate and therefore the Preliminary Approval Order should be entered.

## II.   **BACKGROUND**

On February 22, 2017, Plaintiff Candida Palega filed this action alleging that The Property Sciences Group, Inc. misclassified her as exempt from overtime, failed to reimburse her for all reasonable and necessary business expense, provided her improper wage statements, failed to provide meal and rest breaks pursuant to California law, failed to pay all wages upon separation of employment, and asserted a derivative violation of California Business & Professions Code §§ 17200, *et seq.* (through violation of California Labor Code § 2802 and/or California Labor Code § 226). *See* Doc. 1. Plaintiff originally sought to bring this lawsuit as a class and collective action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* and as a Rule 23 Class Action under the California Labor Code. *Id.* Plaintiff thereafter sought, and the Court granted, to dismiss her class and collective claims, and proceed in this action in her individual capacity only. *See* Doc. 63. Pursuant to Plaintiff's First Amended Complaint, Plaintiff sought damages only in her individual capacity.

Since the inception of this case, the Parties have engaged in extensive merits-based discovery. Both parties served initial disclosures, documents requests and interrogatories. The Parties have conducted depositions including Plaintiff Palega and Defendant's Rule 30(b)(6) corporate representatives. Defendant designated its founder and CEO, Paul Chandler, and its Vice President of Defendant's Residential Division, David Kim, as its corporate representatives. Plaintiff has produced 107 pages of documents, and has propounded seventeen interrogatories and eighteen requests for production on Defendant. Defendant has produced more than 4,500 pages of documents, and propounded twenty-four interrogatories and twenty requests for production on Plaintiff. These discovery responses include both traditional and electronic

discovery. In advance of the mediation, Plaintiff analyzed the pay data and deposition testimony to estimate potential recoveries on Ms. Palega's individual claims using Plaintiff's proposed methodology.

### III.    SETTLEMENT

On May 16, 2018, the Parties participated in an all-day mediation session with Louis Marlin, a mediator with extensive experience in wage and hour cases. Mr. Marlin played an active role in the settlement negotiations, including identifying each sides' strengths, weaknesses, and potential risks. Mr. Marlin also had the benefit of detailed briefs and position statements, including relevant case law and Plaintiff's damage model. This process culminated in an arm's-length mediation agreement, guided by Mr. Marlin's neutral oversight.

The Parties believe they reached a fair and reasonable settlement because both Plaintiff and Defendant are receiving the substantial benefit of a mutual releases of claims. The Parties have differing views on the strength of Plaintiff's claims and alleged damages she believes she is owed. A material term to the parties reaching a settlement was the inclusion of a confidentiality provision that prohibits the disclosure, dissemination, and/or publicizing or causing or permitting such action regarding any of the terms of the Agreement. Accordingly, an Administrative Motion to File Under Seal has been filed and served concurrently with this motion. The Parties jointly stipulate to that application.

### IV.    THE COURT SHOULD PRELIMINARILY APPROVE THE SETTLEMENT

Settlements of private FLSA claims generally require court approval. *Till v. Saks Incorporated*, No. C 11-00504 SBA, C 12-03903 SBA, 2014 WL 1230604, at *1 (N.D. Cal. Mar. 21, 2014) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982)). In reviewing an FLSA settlement, the district court's "[o]bligation is not to act as caretaker but as gatekeeper; [rather,] it must ensure that private FLSA settlements are appropriate given the FLSA's purposes and that such settlements do not undermine the Act's purposes." *Id.* (quoting *Goudie v. Cable Commc'ns, Inc.*, No. CV 08-507-AC, 2009 WL 88336, at *1 (D. Or. Jan. 12, 2009)). "The salient question for purposes of approving a FLSA settlement is whether is constitutes a 'fair and reasonable resolution of a bona fide dispute.'" *Id.*

JOINT MOTION FOR PRELIMINARY APPROVAL OF INDIVIDUAL SETTLEMENT

(citing *Lynn's Food Stores*, 679 F.2d at 1353). "If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement 'in order to promote the policy of encouraging settlement in litigation.'" *McKeen-Chaplin v. Franklin American Mortg. Co.*, No. C 10-5243 SBA, 2012 WL 6629608, at *2 (N.D. Cal. Dec. 19, 2012) (quoting in part *Lynn's Food Stores*, 679 F.2d at 1354).

Under these criteria, Plaintiff respectfully submits that preliminary approval of the proposed Settlement should be granted.

**A.      The Settlement Agreement Resulted from Arm's-Length Negotiation and Is Not the Produce of Collusion.**

The Court should look to whether the proposed settlement appears to be the product of collusion among the negotiating parties. *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 458 (9th Cir. 2000), as amended (June 19, 2000). In applying this factor, courts give substantial weight to the experience of the attorneys who prosecuted the case and negotiated the settlement. *See In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1080 (N.D. Cal. 2007); *see also Hanlon*, 150 F.3d at 1027 (courts are deferential "to the private consensual decisions of the parties.") (citing *Officers for Justice v. Civil Serv. Comm'n.*, 688 F.2d 615, 625 (9th Cir. 1982)). Indeed, when a settlement is negotiated at 'arm's-length by experienced counsel, there is a presumption that it is fair and reasonable. *See Tableware*, 484 F. Supp. 2d at 1080; *City P'ship*, 100 F.3d at 1043 ("When sufficient discovery has been provided and the parties have bargained at arm's-length, there is a presumption in favor of the settlement.").

To that end, the courts have recognized "[t]he assistance of an experienced mediator in the settlement process confirms that the settlement is non-collusive." *Satchell v. Fed. Express Corp.*, No. C03-cv-2659 SI, 2007 WL 1114010, at *4 (N.D. Cal. Apr. 13, 2007); *In re Immune Response Sec. Litig.*, 497 F. Supp. 2d 1166, 1171 (S.D. Cal. 2007.

Here, both sides heeded the Court's directive that "it is better to develop and to present a proposed compromise *after* class certification, *after* diligent discovery on the merits, and *after* the damage study has been finalized." (ECF No. 27 ("Notice Regarding Factors to Be Evaluated For Any Proposed Class Settlement"), § 10 (emphasis in original).) Specifically, the Parties did

1    not discuss settlement of any claims until after the Court granted Plaintiff's Motion to Amend

2    her Original Complaint to remove her class and collective claims. By that point in time, the

3    Parties had already participated in written discovery and conducted substantive depositions.

4        The proposed Settlement here is the produce of extensive, arm's-length negotiations,

5    which included an all-day mediation session with Louis Marlin -- a private mediator

6    experienced in wage and hour litigation, which commenced only after the Parties had the benefit

7    of the Court's order granting Plaintiff's Motion for Leave to Amend. Counsel were thus able to

8    make informed assessments regarding the merits of their claims and defenses. *See In re Charles*

9    *Schwab Corp. Sec. Litig.*, No. C 08-01510 WHA, 2011 WL 1481424, at \*5 (N.D. Cal. Apr. 19,

10   2011) ("the class settlements were reached on the eve of trial when class counsel had completed

11   discovery and had conducted extensive motion practice and where thus well aware of the issues

12   and attendant risks involved in going to trial as well as the adequacy of the amount of the class

13   settlement."). The negotiations were informed by the knowledge Plaintiff's counsel gained

14   through discovery and motion practice, as well as the rulings in this litigation. Based on the

15   familiarity with the factual and legal issues, and armed with a thorough understanding of the

16   strengths and weaknesses of the claims at issue, the Parties were able to negotiate a fair

17   settlement, taking into account the costs and risks of continued litigation. The negotiations were

18   at all times hard-fought and, through the guidance and oversight of a neutral mediator, have

19   produced a result that the Parties believe to be in their respective interests. *See Zynga, Inc.*, 2015

20   WL 6471171, at \*9 ("The use of a mediator and the presence of discovery 'support the

21   conclusion that the Plaintiff was appropriately informed in negotiating a settlement.'").

22       Plaintiff's counsel has carefully evaluated the merits of Plaintiff's case, concluding that

23   Plaintiff has a strong case and that there is sufficient evidence to proceed to a jury. Plaintiff's

24   counsel does recognize, however, that there exists challenges in this litigation that could pose

25   significant risks regarding Plaintiff's ability to prevail and the scope of damages if the case were

26   to proceed to trial. Even if Plaintiff emerged victorious, there can be no doubt that such a trial

27   would be lengthy and costly for all sides. *See In re Charles Schwab Corp. Sec. Litig.*, 2011 WL

28   1481424, at \*5 (N.D. Cal. Apr. 19, 2011) (approving settlement; "prosecuting these claims

through trial and subsequent appeals would have involved significant risk, expense, and delay to any potential recovery"). As such, Plaintiff's counsel believes the Settlement is fair, reasonable and adequate, and in the best interest of Plaintiff. *See, e.g., In re NVIDIA Corp. Derivative Litig.*, No. C-06-06110-SBA (JCS), 2008 WL 5382544, at *4 (N.D. Cal. Dec. 22, 2008) ("[S]ignificant weight should be attributed to counsel's belief that settlement is in the best interest of those affected by the settlement."); *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1043 (N.D. Cal. 2008) (counsel's recommendation weighed in favor of settlement, given counsel's familiarity with the dispute and significant experience in securities litigation).

This proposed settlement constitutes a fair and reasonable resolution of a bona fide dispute. Taking into account the disputed number of hours worked by Plaintiff, the disputed amount of alleged business expenses Plaintiff claimed she was owed, the disputed meal and rest period claims, the disputed wage statement claims, the dispute over whether Defendant's alleged violation of the FLSA was willful, the dispute as to whether Plaintiff was entitled to liquidated damages, as well as the potential viability of any breach of contract claims that Defendant might have against Plaintiff, it is clear there are numerous variables affecting the potential value of Plaintiff's claims. Moreover, considering Defendant's continued denial of liability and assertion that it would have vigorously defended the action if Plaintiff were to litigate further and potentially assert counterclaims for breach of contract and breach of duty against Plaintiff, there is a distinct possibility that Plaintiff would have recovered nothing has she pursued the action through trial. Accordingly, the parties believe the settlement reached constitutes fair value for the claims asserted by Plaintiff.

**B.**     **The Settlement Has No Obvious Deficiencies and Falls Within the Range for Approval.**

When evaluating the adequacy of a settlement, courts balance a plaintiff's expected recovery against the value of the offer. *Tableware*, 484 F. Supp. 2d at 1080; *Portal Software*, 2007 WL 1991529, at *6. This case involves a range of disputed issues including the merits of Plaintiff's claims, including wage claims, expense reimbursement, and liquidated damages. While Plaintiff believes that she has meritorious claims, Defendant denies, and continues to

deny, each and all of the claims and contentions asserted by Plaintiff. Likewise, Defendant disputes Plaintiff's damages calculation. Defendant also maintained potential counterclaims against Plaintiff, including potential breach of contract and breach of duty claims.

The Parties believe they reached a fair and reasonable settlement because both Plaintiff and Defendant are receiving the substantial benefit of a mutual releases of claims. The Parties have differing views on the strength of Plaintiff's claims and alleged damages she believes she is owed. A material term to the parties reaching a settlement was the inclusion of a confidentiality provision that prohibits the disclosure, dissemination, and/or publicizing or causing or permitting such action regarding any of the terms of the Agreement. Accordingly, an Administrative Motion to File Under Seal has been filed and served concurrently with this motion. The Parties jointly stipulate to that application.

**C.    Attorneys' Fees and Expenses are Separate from Plaintiff's Settlement Award.**

Pursuant to the proposed Settlement, Plaintiff's counsel's attorney's fees are separated from any other consideration between the Parties. Any such award constitutes a small fraction of Plaintiff's counsel's actual lodestar in attorney's fees. This portion of attorneys' fees will not in any way diminish the amount directed toward Plaintiff in the proposed Settlement.

**D.    Schedule for Final Approval Proceedings.**

Unless the Court sees fit to grant final approval of the proposed Settlement as described herein, the Parties propose the final approval hearing take place at least 45 days after preliminary approval.

**<u>CONCLUSION</u>**

Accordingly, based on the Settlement Agreement, this memorandum of law and the prior proceedings in this matter, the Parties respectfully request the Court grant preliminary approval of the proposed Settlement, and enter the proposed Preliminary Approval Order submitted herewith.

Respectfully submitted,

DATED:  June 20, 2018

KENNEDY HODGES, L.L.P.


By: /s/ Galvin B. Kennedy
Galvin B. Kennedy
Attorneys for Plaintiff


MANNING & KASS, ELLROD,

RAMIREZ, TRESTER, L.L.P.


By: /s/ Jordon R. Ferguson
Jordon R. Ferguson
Attorneys for Defendant