IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CANDIDA PALEGA,

    Plaintiff,

  v.

THE PROPERTY SCIENCES GROUP, INCORPORATED,

    Defendant.

No. C 17-00855 WHA

**ORDER RE JOINT MOTION FOR APPROVAL OF INDIVIDUAL SETTLEMENT**

**INTRODUCTION**

In this employment action, the parties jointly move for approval of a settlement of plaintiff's individual claims under the Fair Labor Standards Act. For the reasons stated below, the motion is **GRANTED**.

**STATEMENT**

Defendant Property Sciences Group, Inc., is a residential and commercial real estate valuation and appraisal management company. To complete appraisals, defendant hired appraisers who worked remotely and were paid on a salary basis with a bonus structure that awarded extra compensation if an appraiser completed a certain number of appraisals per week. Plaintiff Candida Palega worked for defendant as such an appraiser from November 2011 to February 2015.

In February 2017, plaintiff brought the instant action for violations of the Federal Labor Standards Act, the California Labor Code, and Section 17200 of the California Business and

Professions Code, alleging that defendant misclassified her as exempt from overtime, failed to reimburse her for all reasonable and necessary business expenses, provided improper wage statements, and failed to provide required meal and rest breaks (Dkt. No. 1).

Although plaintiff originally brought this case as a putative class and collective action, a March 2018 order granted plaintiff's motion for leave to remove the class and collective action claims from the complaint. The parties later negotiated a settlement of plaintiff's individual claims. Under the terms of the parties' agreement, defendant will pay a sum to plaintiff and her attorneys to resolve the action. The parties also agree to a mutual general release of claims. The parties now jointly move for approval of the settlement (Dkt. Nos. 63, 78).

**ANALYSIS**

The FLSA's purpose is "to protect all covered workers from substandard wages and oppressive working hours, 'labor conditions [that are] detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers.'" *Barrentine v. Arkansas–Best Freight System*, 450 U.S. 728, 739 (1981) (citing 29 U.S.C. § 202(a)). An employee's claims under FLSA are nonwaivable and may not be settled without supervision of either the Secretary of Labor or a district court. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352–53 (11th Cir. 1982). Where an employee who brings a private action for back wages under the FLSA "present[s] to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353. The salient question for purposes of approving a FLSA settlement is whether it constitutes a "fair and reasonable resolution of a bona fide dispute." *Id*. at 1355.

Here, the parties' proposed settlement constitutes a fair and reasonable resolution of a bona fide dispute. Taking into account the number of hours plaintiff worked and her claimed unreimbursed expenses, plaintiff estimats her potential damages to be $52,511.64. The parties point out, however, that during discovery they learned that during plaintiff's employment she operated an independent appraisal company out of her home and performed work for

2

1 defendant's competitors. Defendant believes that this conduct violated the parties'
2 employment agreement and during mediation informed plaintiff of its intent to file counter-
3 claims against her. Plaintiff accordingly submits that the mutual release contained in the
4 settlement agreement has particular value to her.

5 This order concludes that the settlement amount is reasonable given the variables
6 affecting the potential value of plaintiff's claims. For example, in addition to the potential
7 counter-claims discussed above, plaintiff did not track her precise hours worked. Moreover,
8 defendant argues that any expenses incurred by plaintiff were partly incurred for plaintiff's
9 own benefit or the benefit of plaintiff's work for other appraisal companies. Defendant has
10 also continued to deny liability and asserts that it would have vigorously defended the action
11 had the case proceeded. Accordingly, there is a distinct possibility that plaintiff would have
12 recovered nothing had she pursued the action through trial. The extent to which the parties had
13 completed discovery and the experience and views of counsel also weigh in favor of approving
14 the settlement.

15 Courts must also ensure that settlement agreements are not the product of fraud or
16 overreaching by, or collusion between, the negotiating parties. The undersigned judge is aware
17 that some lawyers prefer to settle class actions without the benefit of discovery and without
18 vetting the named plaintiff's ability to serve as class representative. In order to prevent the
19 discounting of plaintiff's class claims by the risk that class certification would be denied, a
20 May 2017 order prohibited the parties from engaging in settlement discussions prior to class
21 certification (absent a motion for appointment of interim class counsel). This action never
22 made it to the class certification stage. Rather, plaintiff abandoned her class claims in favor of
23 an individual action. At the same time, another former employee of defendant retained
24 plaintiff's counsel, Galvin Kennedy and Don Foty of Kennedy Hodges, LLP, to pursue a
25 similar action in California state court. The undersigned judge accordingly worries that the
26 class claims in this action were dismissed and refiled in Superior Court to facilitate a collusive
27 settlement.
28

In seeking leave to drop her class claims, however, plaintiff gave a conceivable explanation as to her decision to proceed in an individual capacity. And upon the Court's inquiry, counsel assured the undersigned judge that although the parties mediated both actions simultaneously, the two matters were negotiated independently of one another. The parties also note that the lead plaintiff in the Superior Court action has retained additional counsel to represent the plaintiff's interests and the interests of the putative class. This order accordingly concludes that the record does not support a finding that the instant settlement is the product of fraud, overreaching, or collusion. Nevertheless, out of the utmost caution, plaintiff's counsel shall provide a copy of this order to the judge presiding over the Superior Court action.

In sum, this order finds that the proposed settlement is a fair, reasonable, and adequate resolution of plaintiff's individual claims. The settlement is accordingly **APPROVED**.

## CONCLUSION

For the reasons stated, the parties' joint motion to approve the proposed settlement is **GRANTED**. The parties shall file an *unredacted* settlement agreement on the public docket unless emergency relief is obtained from our court of appeals by **AUGUST 16 AT NOON**. The parties' request to vacate all current deadlines in this action is **DENIED**. All deadlines remain in place until a dismissal is filed.

**IT IS SO ORDERED.**

Dated: August 2, 2018

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE